UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKMONT PROPERTIES II, L.P., <br><br> Plaintiff, <br><br> v. <br><br> ERIC CARLSON, <br><br> Defendants. | Case No. 2:18-cv-02069-TLN-EFB <br><br> **SUA SPONTE ORDER TO REMAND** |

      This matter is before the Court pursuant to Defendant Eric Carlson's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1 & 2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

///
///
///
///
///
///

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 25, 2018, Plaintiff Oakmont Properties II, L.P. ("Plaintiff") brought an action against Defendant for possession of the real property known as 10270 East Taron Drive, # 48, Elk Grove, California ("the Property"). (Notice of Removal, ECF No. 1 at 12.) Plaintiff alleges Plaintiff is the owner of the Property. (ECF No. 1 at 12.) Plaintiff asserts that Defendant leased the Property for a period from "February 17, 2018 to March 16, 2019, at a monthly rental of $1,882.00, payable in advance on the first day of each month." (ECF No. 1 at 12.) Plaintiff alleges Defendant "failed to pay rent in the sum of $1,882.00" for June 2018. (ECF No. 1 at 12.) Plaintiff alleges Plaintiff served Defendant with a three-day "Notice to Quit or Pay Rent" on June 4, 2018. (ECF No. 1 at 12.) Plaintiff alleges more than three days have passed since service of the notice and Defendant has not paid the rent and remains in possession of the Property. (ECF No. 1 at 12.) On July 31, 2018, Defendant filed a Notice of Removal removing this unlawful detainer action from the Sacramento County Superior Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386.

Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III. ANALYSIS

Defendant invokes federal question as the basis upon which original jurisdiction exists, arguing Plaintiff "actually filed a Federal Question action in State Court." (ECF No. 1 at 2.) Plaintiff argues a federal law, 12 U.S.C. § 5220, requires a greater length of time for notice of termination before a tenant may be evicted than the notice Defendant claims is required under California law. (ECF No. 1 at 2–3.) Defendant argues eviction would be "unlawful" because Plaintiff failed to state a cause of action under the federal law Defendant mentions, failed to comply with that law, and failed to plead it complied with that law. (ECF No. 1 at 3–4.)

Upon review of 12 U.S.C. § 5220, "Assistance to Homeowners", it is clear Defendant has misstated the provisions of the section. Title 12 U.S.C. § 5220 deals with obligations of federal entities, such as the Federal Housing Finance Administration, with respect to mortgage backed securities secured by residential rental property. 12 U.S.C. § 5220(a)(1), (b)(1).

Defendant also cites "Section 702(a)(2) of the PFTA." (ECF No. 1 at 2–3.) Defendant apparently refers to Pub. L. No. 111–22, § 701–04, 123 Stat. 1632, 1660–62 (2009), called the Protecting Tenants at Foreclosure Act of 2009 or "PTFA." "The PTFA is a federal statute that provides certain protections to tenants who reside in properties subject to foreclosure." *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011). The instant case is not one of a successor in interest evicting a tenant after foreclosure, but rather is based on non-payment of rent. Additionally, the PTFA's provisions "are federal defenses to an unlawful detainer action" and a federal defense "does not support federal-question jurisdiction." *Id*. at *1, 5 (remanding removed action to state court "because the unlawful detainer action presents only state claims on its face and the PTFA only provides tenants with federal defenses to eviction") (citing *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005)).

Plaintiff brought only a single claim for unlawful detainer and relies solely on California state law and not on federal law. (ECF No. 1 at 12–14.) Under the well-pleaded complaint rule,

3

"federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392. Removal cannot be based on defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV. CONCLUSION**

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento, and DENIES as moot Defendant's motion to proceed in forma pauperis, (ECF No. 2).

IT IS SO ORDERED.

Dated: August 2, 2018

Troy L. Nunley
United States District Judge